Vitali **KHAMETS, Petitioner,**

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 03–72365.
Agency No. A75–701–123.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.[*]

Decided Oct. 25, 2004.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**602**

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Linda S. Wernery, Esq., William C. Peachey, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Vitali Khamets, a native and citizen of Belarus, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a), and we review for substantial evidence. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

The IJ made an adverse credibility finding because Khamets' claim was implausible and because he failed to corroborate his testimony. The IJ found it particularly implausible that the authorities would release Khamets—a low-level activist—from custody and then engage "ingenious" means to poison him, when the State Department Country Report indicated that the authorities acted harshly and directly against even prominent individuals while they were in custody. The IJ found that Khamets did not corroborate his testimony with any evidence relating to his alleged political activism, his dismissal from the university, or his poisoning by a military doctor. Khamets has not shown that the record compels reversal of the IJ's denial of relief. *See Chebchoub*, 257 F.3d at 1042–45.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion to stay removal included a timely request for a stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc. This stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.